UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 13-916

Caption [use short title]

United States v. Rajat K. Gupta

**Motion for:** Stay of the Briefing on the Appeal

Set forth below precise, complete statement of relief sought:

Appellant seeks a stay of the briefing on the appeal until thirty days after this Court's decision in United States v. Skowron, No. 12-1284.

**MOVING PARTY:** Rajat K. Gupta

☐ Plaintiff ☑ Defendant

☑ Appellant/Petitioner ☐ Appellee/Respondent

**OPPOSING PARTY:** United States

**MOVING ATTORNEY:** Seth P. Waxman

**OPPOSING ATTORNEY:** Richard Tarlowe

[name of attorney, with firm, address, phone number and e-mail]

Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000; seth.waxman@wilmerhale.com

U.S. Attorney's Office, SDNY
One St. Andrews Plaza
New York, NY 10007
(212) 637-2330; richard.tarlowe@usdoj.gov

Court-Judge/Agency appealed from: U.S. District Court for the Southern District of New York, Hon. Jed S. Rakoff

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below? ☐ Yes ☐ No

Has this relief been previously sought in this Court? ☐ Yes ☐ No

Requested return date and explanation of emergency:

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:

**Signature of Moving Attorney:**
/s/ Seth P. Waxman **Date:** June 10, 2013

Service by: ☑ CM/ECF ☐ Other [Attach proof of service]

---

**ORDER**

**IT IS HEREBY ORDERED THAT** the motion is **GRANTED DENIED**.

**FOR THE COURT:**
CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: ______________________ By: ______________________

**Form T-1080** (rev. 7-12)

# 13-916

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA,
*Appellee*,

*v.*

RAJAT K. GUPTA,
*Defendant-Appellant*.

On Appeal From the United States District Court for the Southern District of New York, No. 1:11-cr-00907-JSR Before the Honorable Jed S. Rakoff

## DEFENDANT-APPELLANT RAJAT K. GUPTA'S MOTION FOR STAY OF THE BRIEFING ON THE APPEAL PENDING THIS COURT'S DECISION IN *UNITED STATES v. SKOWRON*, NO. 12-1284

GARY P. NAFTALIS
DAVID S. FRANKEL
ALAN R. FRIEDMAN
ROBIN M. WILCOX
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

PETER G. NEIMAN
ALAN E. SCHOENFELD
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

SETH P. WAXMAN
PAUL R.Q. WOLFSON
MEGAN BARBERO
DANIEL AGUILAR
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000

June 10, 2013

Defendant-Appellant Rajat K. Gupta respectfully submits this motion to stay the briefing on his appeal until thirty days after this Court decides *United States v. Skowron*, No. 12-1284 (argued Jan. 14, 2013) (Carney, Droney, JJ., and Gardephe, D.J.). A stay is warranted because the principal issue Gupta intends to raise on appeal will likely be resolved by this Court's decision in *Skowron*. The United States does not consent to this motion.

1. On June 15, 2012, a jury convicted Gupta of conspiracy and three counts of securities fraud, arising out of Gupta's alleged tipping of material non-public information derived from his service on the board of Goldman Sachs. Gupta's appeal of his conviction was argued to this Court on May 21, 2013 (No. 12-4448) (Newman, Kearse, and Pooler, JJ.).[1]

2. On February 25, 2013, the district court entered an amended judgment ordering Gupta to pay restitution in the amount of $6,218,223.59 to Goldman Sachs. Order 11, Dkt. 136, No. 11-cr-907 (S.D.N.Y. Feb. 25, 2013). Gupta filed a timely notice of appeal on March 11, 2013. Gupta's opening brief before this Court is currently due on June 20, 2013.

3. Gupta intends to raise as a principal argument on appeal a challenge to the restitution order on the ground that fees incurred by Goldman Sachs in assisting

---

[1] If this Court vacates Gupta's conviction, then his sentence—including the restitution order challenged here—will be vacated, mooting this appeal.

the Securities and Exchange Commission with an investigation that led to administrative and civil claims are not compensable under the relevant provision of the Mandatory Victims Restitution Act (MVRA), which authorizes restitution of "necessary … other expenses incurred during participation in the investigation or prosecution of the offense." 18 U.S.C. § 3663A(b)(4).

4. This Court has not yet addressed whether the MVRA mandates that defendants pay all legal fees incurred "during participation" not in the investigation of the criminal offense itself, but instead in a factually related SEC investigation. That question is pending before this Court in *Skowron*. Specifically, the fourth issue presented by *Skowron* is: "Whether the mandatory restitution provision of 18 U.S.C § 3663A(b)(4) permits an award of restitution to Morgan Stanley for attorney's fees and costs related to a SEC civil investigation that were incurred prior to Morgan Stanley's participation in the Government's investigation and prosecution of Skowron's criminal offense." Defendant-Appellant Br. 2, Dkt. No. 22, No. 12-1284 (2d Cir. June 28, 2012).

5. To promote the efficient consideration and disposition of this appeal, Gupta respectfully requests that the briefing schedule be stayed until thirty days after this Court issues a decision in *Skowron*. This Court and other courts of appeals have recognized that a stay may be appropriate when a forthcoming decision has the potential to directly influence the outcome of an appeal. *See United States v.*

*Torres-Teyer*, 412 F. App'x 388, 390 (2d Cir. 2011) (noting that the Court had stayed two appeals pending the Supreme Court's decision in *United States v. Williams*, 131 S. Ct. 632 (2010)); *Blanco v. United States*, 85 F. App'x 736, 736 (Fed. Cir. 2003) (explaining that the Court had granted a motion to stay the briefing schedule in an appeal pending the Court's resolution of two other appeals raising the same legal issue).

6. Gupta recognizes this Court's instruction that motions for extensions of time are not granted as a matter of course, particularly because the appellant is able to set the briefing schedule. *See RLI Ins. Co. v. JDJ Marine, Inc.*, 2013 WL 1920940, at *2 (2d Cir. May 10, 2013). Gupta is not requesting an extension of time because of the press of "other business." *Id.* at *3. Rather, Gupta is seeking to stay the briefing on appeal because this Court's decision in *Skowron* is likely to be controlling precedent on a key issue and staying the deadline for the filing of Gupta's opening brief until thirty days after that decision will allow the parties to address the *Skowron* decision in their briefs, which will aid the Court in its decisionmaking.

**CONCLUSION**

For the foregoing reasons, Gupta respectfully requests a stay of the briefing on this appeal until thirty days after this Court issues its decision in *United States v. Skowron*, No. 12-1284.

Dated: June 10, 2013

Respectfully submitted.

/s/ Seth P. Waxman

SETH P. WAXMAN
PAUL R.Q. WOLFSON
MEGAN BARBERO
DANIEL AGUILAR
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000

GARY P. NAFTALIS
DAVID S. FRANKEL
ALAN R. FRIEDMAN
ROBIN M. WILCOX
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

PETER G. NEIMAN
ALAN E. SCHOENFELD
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of June, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Seth P. Waxman
SETH P. WAXMAN